UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DEVONTE M. WILLIAMS,

        Plaintiff,

        v.                        Case No. 24-cv-1361-bhl

CHRIS STEVENS,
JAY VAN LANEN,
JOHN KIND, and
MR. GRABOWSKI,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER
─────────────────────────────────────────────

      Plaintiff Devonte Williams, who is currently serving a state prison sentence at the Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Williams paid the $405 civil case filing fee. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Williams alleges that, on February 13, 2024, following an in-person visit with his attorney, Heather L. Richmond of HLR Law Office, former GBCI Security Director John Kind informed him that his in-person visits with Richmond were being suspended pending a review. Williams explains that Captain Jay Van Lanen wrote an incident report against Williams after reviewing surveillance footage of his visit with Richmond. Williams states that Van Lanen exaggerated his observations, making Williams' interactions with Richmond appear unprofessional or sexual.

2

According to the incident report, multiple violations of institution policy occurred during Williams' visit with Richmond. Van Lanen noted that, among other things, Williams improperly attempted to bring candy into the visit. The candy was confiscated before the visit began. He also noted that Williams took Richmond's glasses, cleaned them, and placed them back on her face. He also observed that Williams held up Richmond's coat to assist her with putting it on. Finally, Van Lanen stated that Williams took a legal pad from Richmond and put it with his things and also gave her small pieces of paper to take out of the institution.

Williams explains that, at the time his in-person visits with Richmond were suspended, she was representing him in a civil matter that was scheduled for a jury trial in May 2024 and in postconviction efforts in a criminal matter. According to Williams, even though the memo suspended only in-person visits, the GBCI Records Department Supervisor, "Mr. Grabowski," also suspended telephone calls between him and Richmond. Williams admits he continued to have in-person visits with Richmond's paralegal and assistant. Williams asserts that, because he could not communicate with his attorney, he decided to settle his civil matter and was forced to delay his criminal appeal.

### THE COURT'S ANALYSIS

Based on these events, Williams attempts to assert claims against Kind, Van Lanen, Grabowski, and GBCI Warden Chris Stevens. Unreasonable restrictions that interfere with a prisoner's ability to speak to his attorney can violate the Constitution. *See Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995). But "prisons may restrict prisoner contact with counsel so long as the restrictions reasonably relate to legitimate penological interests." *Lashbrook v. Hyatte*, 758 F. App'x 539, 540-41 (7th Cir. 2019). Given Williams' apparent concession that he took a legal pad from Richmond and gave her pieces of paper to take out of the institution, it appears that the

3

decision to suspend his in-contact visits with his attorney was reasonably related to the penological justification of maintaining security. Still, development of the record is necessary before the Court can conclude as a matter of law that the restriction was constitutionally permissible. *See id.* at 542. It is not clear at this early stage how each Defendant was involved in the decision. Accordingly, the Court concludes that Williams' allegations are sufficient to state a claim against Kind, Van Lanen, Grabowski, and Stevens.

Similarly, Williams may also proceed on a claim against the Defendants based on allegations that the order was expanded from suspending only in-person visits to include telephone calls. While Williams appears to believe that Grabowski was responsible for this decision, further development of the record is necessary to determine whether Grabowski expanded the order at the direction of or with the involvement of Van Lanen, Kind, and/or Stevens. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (holding that a supervisor who knows about the conduct and facilitates it, approves it, condones it, or turns a blind eye to it may be liable).

Williams does not, however, state a claim under the Sixth Amendment. There is no constitutional right to counsel in civil cases and it is unclear what postconviction matters Richmond may have been handling for Williams.[1] *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) (holding that prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions).

Williams also does not state an access-to-the-courts claim because his access to the courts was not impeded. Based on court records, it appears that Williams' civil case (*Williams v.*

---

[1] The online database of Wisconsin state court cases indicates that Williams has no appeals pending. On April 12, 2024, a judgment of conviction was entered in *Wisconsin v. Williams*, Waukesha County Case No. 2023CF0303 after Williams pleaded guilty. Richmond did not represent Williams in that case, and that conviction has not been appealed. Court records also indicate that Williams has five open criminal cases. Richmond does not represent Williams in any of those cases. Accordingly, it is not clear what "postconviction matter" Williams is referencing.

4

*Waldera*, No. 22-cv-604-jdp (W.D. Wis.)) was dismissed on April 18, 2024, after the defendants notified the court that the parties had reached a settlement. Richmond was cc'd on that notice and the docket reflects that she remained counsel of record for Williams at the time the case was dismissed. Further, the docket reflects that summary judgment was fully briefed only two weeks prior to the filing of the notice of dismissal, indicating that his counsel remained actively involved in Williams' case and fully represented his interests despite being unable to visit with him and/or speak with him on the telephone. And, although the postconviction matter at issue is unknown, Williams alleges that he continues to be represented by Richmond and that she successfully moved to extend the case deadlines, so, based on his own allegations, he suffered no prejudice as a result of any communication challenges. *See In re Maxy*, 675 F.3d 658, 660-61 (7th Cir. 2012) ("[T]o satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury.") Williams insists that he *risked* missing a deadline in his postconviction matter and decided to settle his civil case to avoid the *risk* of losing at trial, but risk of future injury is too speculative to state a claim.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Williams' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Chris Stevens, Jay Van Lanen, John Kind, and Grabowski.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Chris Stevens, Jay Van Lanen, John Kind, and Grabowski shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Williams is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge